UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL JACKSON,

        Petitioner,                Case Number: 2:12-CV-13103

v.                                      HON. LAWRENCE P. ZATKOFF

DORAID B. ELDER,

        Respondent.
_____/

### ORDER OF SUMMARY DISMISSAL

This matter is pending before the Court on the *pro se* civil rights complaint filed by state prisoner Karl Jackson. Plaintiff was charged with possessing a firearm while committing or attempting to commit a felony in violation of Mich. Comp. Laws § 750.227b. He was sentenced to a minimum and maximum sentence of two years. Plaintiff is currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan. In his complaint, Plaintiff alleges that he received ineffective assistance of counsel in criminal proceedings, resulting in his conviction for felony firearm. He names a single defendant, the attorney who represented him in those proceedings, Doraid B. Elder. The Court will dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted.

### I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is

required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted).

## II.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff's ineffective assistance of counsel claims necessarily challenge his conviction for felony firearm. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a

condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated). Therefore, Plaintiff fails to state a claim upon which relief may be granted.

Even if the complaint were not barred by *Heck*, it is still subject to summary dismissal because the only named defendant is the attorney who represented Plaintiff in criminal proceedings. Attorneys representing clients in criminal actions do not act under color of state law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981). *See also* Floyd v. County of Kent, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding."). Thus, defendant Elder was not acting under color of state law in representing Plaintiff.

### III.

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 6, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290