UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL JACKSON,

        Petitioner,        Case Number: 2:12-CV-13103

v.        HON. LAWRENCE P. ZATKOFF

DORAID B. ELDER,

        Respondent.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING**

Plaintiff Karl Jackson filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Jackson is a state inmate incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan. In the complaint, Plaintiff named a single defendant, Doraid B. Elder, the attorney who represented him during criminal proceedings. He alleged that he received ineffective assistance of counsel resulting in his conviction for felony firearm. The Court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff failed to state a claim upon which relief may be granted. Now before the Court is Plaintiff's motion for rehearing.

Motions for rehearing may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Relief will not be granted on motions "that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

The Court summarily dismissed the complaint for two reasons. First, the Court dismissed

the complaint under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff's ineffective assistance of counsel claims necessarily challenged the validity of Plaintiff's conviction. *See id.* at 486–87 (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated). Second, the Court dismissed the complaint because the only named defendant, Plaintiff's criminal defense attorney, did not act under color of state law for § 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312 (1981). *See also* Floyd v. County of Kent, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding.").

In his motion for rehearing Plaintiff argues that the complaint was improperly dismissed because an attorney's ineffectiveness may prejudice a client. The Court did not find otherwise. The Court simply held that a complaint under § 1983 is not the proper vehicle for asserting such a claim. Second, Plaintiff argues that a court-appointed attorney is not immune from a malpractice claim. Again, the Court did not hold to the contrary. The Court held that a defense attorney, even a court-appointed one, does not act under color of state law and, therefore, may not be sued under § 1983. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978) (to state a federal civil rights claim, a plaintiff must show that the defendant is a person who acted under color of state or federal law). The complaint, accordingly, was properly dismissed under 28 U.S.C. § 1915A.

Accordingly, Plaintiff's Motion for Rehearing [dkt. #7] is DENIED.

IT IS SO ORDERED.

 S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2013